ACCEPTED
03-13-00025-CV
7372246
THIRD COURT OF APPEALS
AUSTIN, TEXAS
10/14/2015 1:46:18 PM
JEFFREY D. KYLE
CLERK

No. 03-13-00025-CV

In the Third Court of Appeals

Austin, Texas

**Jerry Scarbrough, *et al***
**Appellant**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
10/14/2015 1:46:18 PM
JEFFREY D. KYLE
Clerk

**v.**

**Helen Purser, *et al.***
**Appellee**

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

**On Appeal from the 146th Judicial District Court of**
**Bell County, Cause No. 236,117-B**

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

**APPELLANTS JERRY SCARBROUGH, MELISSA DEATON,**
**AND DENISE STEELE'S OPPOSITION TO THE CIRCULATION**
**OF *In Re Scarbrough***

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯

TO THE HONORABLE COURT OF APPEALS:

Counsel for the Pursers has asked this Court to circulate the Waco bankruptcy court's opinion in *In re Scarbrough*, 516 B.R. 897 (Bankr. W.D. Tex. 2014, presumably because it has some relevance to the instant appeal. It does not and the Court should disregard it. Relevancy is the quality of making something either more or less likely to be true. It does

not make the trial court's judgment more or less likely to be correct because:

1. Unlike Appellants' Aug.24[th] letter, which updated the Court on the most recent law on spoliation instructions – an issue in the case, and unlike Appellants' Motion to Take Judicial Notice of Elizabeth Tipton's argument in the bankruptcy court – which admitted to waiver of confidentiality, and thus made it less likely that Mr. Scarbrough broke a confidentiality order - the bankruptcy opinion adds no additional information. The court adopted collateral estoppel to hold the trial court's findings correct. It merely rubber stamped the trial court's judgment, before appellants could have their day in this appellate court. Two courts do not make a conclusion more likely than one, **if** the second is applying collateral estoppel to avoid weighing the facts itself.

2. Collateral estoppel is not proper if both this case and the bankruptcy case are still on appeal, which they are. They are not final. The Pursers entire case has been one unsubstantiated rant, usually through attorney "testimony" in the form of improper questions, and

now that want to cut off the Appellants' right to fair appeal in two forums.

3. Stacking the deck with a second opinion can only serve to bias the court in favor of the trial court's conclusions – preventing Appellants from having a fair appeal. This is essentially a "no evidence" appeal, which relies on a voluminous record – only. There is no place for repeating that Mr. Scarbrough "intentionally failed to turn them over," when the Court must focus on **the record** to see that there is actually no evidence of such intent. Circulating this opinion seeks to draw attention away from the record, which is not a proper goal.

## CONCLUSION AND PRAYER

Circulation of the bankruptcy opinion serves no proper purpose and seeks to deny the appellants a fair appeal in a very difficult and voluminous case.

Appellants pray that the Court decline to apply the bankruptcy case – or to even circulate it – in this appeal. Appellants ask for such other and further relief as is merited.

Respectfully submitted,

\_\_\_\_\_/s/ MB CHIMENE_____
THE CHIMENE LAW FIRM
Michele Barber Chimene
TBN 04207500
2827 Linkwood Dr.
Houston, TX. 77025
PH: 832 940-1471; no fax
michelec@airmail.net

## CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of this Opposition was served through ECF and email on the 14th of October, 2015 on Daryl Moore and Jack Crews and Elizabeth Tipton.

\_\_\_\_\_/s/ MB CHIMENE